UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:89-CR-05-JMH-4 |
| | ) | No. 5:13-CV-7294-JMH-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| DARRELL GIBSON, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant/Movant Darrell Gibson filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. DE #355 (Motion). Gibson challenges the District Court's June 12, 2013 judgment revoking his supervised release.[1] *Id.*; *see* DE #347. On June 19, 2013, however, Gibson directly appealed the same judgment to the United States Court of Appeals for the Sixth Circuit. *See* DE #350; DE #354. The record reflects that the direct appeal remains pending.

---

[1] Gibson raises several claims, including a claim that his "plea of guilty" (presumably his stipulation to the charged supervised release violations) was not made voluntarily and theories based on ineffective assistance of counsel. DE #355. While these claims are properly cognizable in a § 2255 motion, Gibson appears to raise other arguments that challenge an underlying state conviction; to the extent any contentions challenge a state court judgment, they should be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Additionally, Gibson appears to raise matters that challenge the way that his federal sentence is being executed or counted by the Bureau of Prisons; generally, claims that challenge the manner of execution of a federal sentence should be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."). Gibson should consider his arguments and the relief authorized by §§ 2255, 2254, and 2241 before filing any new or renewed § 2255 motion, as discussed in the body of this recommendation.

In *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998), the Sixth Circuit adopted the rule, already espoused by multiple Circuits, that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *See id.* (citing cases from other Circuits). The *Capaldi* Court explained, "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal." *Id.* (citation omitted). Further, "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.* Here, Gibson's motion does not present extraordinary circumstances that warrant consideration of the § 2255 motion while the direct appeal is pending. Thus, Gibson's motion is premature, and the Court **RECOMMENDS** that the District Judge **DENY** Gibson's motion (DE #355) **WITHOUT PREJUDICE** to Gibson filing a § 2255 motion challenging the June 12 revocation judgment once his direct appeal has concluded.[2] Because the Court does not reach the merits of Gibson's motion, any new or renewed § 2255 motion filed after the conclusion of the Sixth Circuit's review would not (at least as to this filing) be subject to the statutory restrictions on second or successive petitions. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398 (6th Cir. 2003) ("A 'successive petition' raises grounds identical to those raised and rejected *on the merits* on a prior petition.") (emphasis added) (quoting *Schlup v. Delo*, 115 S. Ct. 851, 863 n. 34 (1995)); 28 U.S.C. § 2255(h).

---

[2] Because an order of the District Court denying Gibson's § 2255 motion without prejudice due to a pending direct appeal would not constitute a "final" order under 28 U.S.C. § 2253(a), no certificate of appealability should issue. *See United States v. Ocampo*, 2009 WL 3429606, at *1 (E.D. Mich. Oct. 20, 2009). Further, because the Court has not considered Gibson's motion on the merits, the Court has not determined whether Gibson made a substantial showing of the denial of a constitutional right. *See id.*; § 2253(c)(2).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 3rd day of September, 2013.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge