UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 5:89-cr-05-JMH-4 |
| | ) | 13-cv-7294-JMH-REW |
| v. | ) | |
| | ) | |
| DARRELL GIBSON, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Robert E. Wier [DE 359]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant Gibson's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 355]. Defendant has filed Objections [DE 360] to the Report and Recommendation. The Court has carefully considered this matter and concludes that it will accept and adopt the Magistrate Judge's well-reasoned and articulated recommendation. In so doing, the Court has closely considered Gibson's objections.

Defendant acknowledges that there is pending a direct appeal of this Court's June 12, 2013, judgment revoking his supervised release. He also concedes that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's

1

direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). He objects to the Report and Recommendation, however, because he believes that he has presented the Court with the type of extraordinary circumstances which would merit consideration of his § 2255 petition at this time. Specifically, he argues (1) that his "liberty", i.e., "freedom from incarceration," is at stake and that any issue which concerns liberty is extraordinary and (2) that he cannot raise the issues he wishes to raise on appeal because he is represented on appeal by the same attorney whose conduct at the trial court level he complains of in his Motion to Vacate, Set Aside, or Correct His Sentence.

These arguments do not persuade the Court. While the Court recognizes the value and centrality of liberty to the American experience and our system of justice, the fact that liberty at stake does not — without more — transform this situation into an "extraordinary" circumstance requiring this Court to countenance Gibson's § 2255 petition at this time. Further, the Court is not moved by the fact that he feels that he cannot adequately present his argument concerning ineffective assistance of counsel at the Court of Appeals while he is represented by the same counsel who represented him before this Court. Gibson has not asked his attorney to withdraw or requested appointment of new counsel before the Court of Appeals, despite what he describes as his grave concerns about his current attorney's ability to represent him

effectively. Further, while he may present his ineffective-assistance of counsel argument on direct appeal, it can be adjudicated there only if the record is sufficiently developed to permit the appellate court to review his claim. *See United States v. Jones*, 489 F.3d 243, 255 (6th Cir. 2007) (citing *United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004)). If it is not yet sufficiently developed, he shall simply have to wait until his direct appeal process is concluded. Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Assuming that there are extraordinary circumstances which would warrant the Court's consideration of Gibson's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 at this time, then Gibson's ineffective assistance of counsel claim would fail. Certainly, there is a full record of what transpired from which this Court can evaluate an ineffective assistance of counsel record. Review of the transcript from the revocation hearing on June 10, 2013, reveals that Defendant Gibson, by and through counsel, stipulated to the fact of his state law violation and conviction which resulted in the violation of his terms of supervised release and acknowledged the possible Guideline range of eight to fourteen months' incarceration for that violation. His counsel clearly asked the Court to impose a

sentence which would run concurrent with the sentence being served in state custody for the state law violation. The Court recognized its authority to do so but declined, reasoning that it should not in this instance depreciate the seriousness of the violation of the terms of supervised release by imposing a concurrent sentence. Instead, the Court elected to exercise its authority to impose a sentence – within the range recognized as appropriate by Defendant and his counsel – to run concurrent with Gibson's state sentence, in part, and consecutive to his state sentence, in part.

Thus, the Court cannot see how counsel's alleged acts and omissions, whether taken separately or as a whole, would meet the test for ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), because Gibson cannot show prejudice as a result of his counsel's acts or omissions. His counsel clearly stated in Gibson's presence that they understood the Guidelines range and asked that his sentence for the violation of his terms of supervised release run concurrent with his state custodial sentence for the state law violation. There was no prejudice unless this Court erred when it concluded that it had the authority to enter a sentence to run concurrent with, in part, and consecutive to, in part, the state sentence which Gibson was already serving for the state law violation. Thus, the record as it exists should be sufficiently complete to permit the United States Court of Appeals for the Sixth Circuit to determine on

direct appeal whether Defendant Gibson was denied assistance of counsel should he present that argument on appeal.

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Gibson cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED**:

(1) that the Magistrate Judge's Report and Recommendation [DE 359] is **ACCEPTED** and **ADOPTED IN PART** and **REJECTED IN PART**; and

(2) that Gibson's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 355] is **DENIED** without prejudice to its refiling at the appropriate time; and

(3) that no certificate of appealability will issue.

This the 20th day of September, 2013.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge